# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE LIEN ASSERTED BY RIDER INSURANCE COMPANY AS TO ACCIDENT OF MAY 11, 2011, **Plaintiff** | : : : : : : : : : : | No. 3:13cv2087 (Judge Munley) |
| v. | | |
| **RIDER INSURANCE COMPANY,** **Defendant** | | |

## MEMORANDUM

Defendant filed the instant notice of removal (Doc. 1) on August 5, 2013 to remove to federal court plaintiff's state court complaint seeking declaratory relief. We will decline to exercise jurisdiction and will dismiss the case *sua sponte*.

**Background**

This case arises from Defendant Rider Insurance Company (hereinafter "Rider") asserting a $125,000 lien against plaintiff's personal injury recovery. (Id. ¶¶ 1, 12). Plaintiff seeks a declaration that Rider's $125,000 demand should be reduced to account for fees, costs and Rider's decision to forego a $25,000 settlement from the tortfeasor's bodily injury liability limits. (Id. ¶¶ 6-9, 14).

Plaintiff filed the instant action for declaratory judgment pursuant to Pennsylvania's Declaratory Judgment Act, 42 PA. CONS. STAT. ANN. § 7531 *et seq*, on July 3, 2013. (Doc. 1, Ex. A, Compl. (hereinafter "Compl.")). Rider filed a timely notice of removal (Doc. 1) on August 5,

2013.  On August 6, 2013, plaintiff responded to Rider's notice of removal by filing a motion for remand (Doc. 2), bringing the case to its present posture.

**Discussion**

Rider removed this case from state court pursuant to 28 U.S.C. § 1441(a), which gives a defendant the right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  As noted above, plaintiff seeks declaratory relief pursuant to state law.  "An action for declaratory judgment is procedural in nature and purpose."  Munich Welding, Inc. v. Great Am. Ins., 415 F. Supp. 2d 571, 574 (W.D. Pa. 2006).  Because a federal court sitting in diversity must apply federal law with respect to procedural rules, proceeding under the Pennsylvania Declaratory Judgment Act is improper.  Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 352 (3d Cir. 1986)  Therefore, the court will assess jurisdiction pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201.  Id.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  The United States Supreme Court has explained that "[d]istrict

2

courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). The Supreme Court has emphasized that district courts are under no compulsion to exercise this discretionary jurisdiction. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942).

The Third Circuit has held that a court's decision whether to exercise its discretion to hear a declaratory judgment action "requires some inquiry into the scope of the state court proceeding, the nature of the defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." See id. at 133 (citing Brillhart, 316 U.S. at 491). Furthermore, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135 (citing Mitcheson v. Harris, 995 F.2d 235, 240 (4th Cir. 1992)). These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id. A court may *sua sponte* exercise its discretion not to hear a declaratory judgment action. See id. at 136.

The trend of Federal District Courts sitting in Pennsylvania is "to decline to exercise jurisdiction over declaratory judgment actions involving an insurance company that are solely brought on diversity and have no federal question or interest." Reifer v. Westport Ins. Corp., — F. Supp. 2d —, 2013 WL 1833800, at *2 (M.D. Pa. 2013); see also Allstate Ins. Co. v. Seelye, 198 F. Supp. 2d 629, 631-32 (W.D. Pa. 2002) (stating that when the sole issue of insurance coverage presents no federal question, nor promotes any federal interest, district courts are reluctant to exercise jurisdiction over declaratory judgment actions).

Therefore, the question here is whether we should exercise our discretion to decline to hear this declaratory judgment action when the sole issue does not present a federal question or promote any federal interest. Plaintiff seeks a declaration, pursuant to state law, that Rider's $125,000 demand should be reduced to account for fees, costs and Rider's decision to forego a $25,000 settlement from the tortfeasor's bodily injury liability limits. Any judgment the court issues in this case would depend largely on applying well-settled principles of Pennsylvania law to the factual occurrences that gave rise to the state-court suit. Plaintiff does not ask us to resolve questions of federal statutory or constitutional law which we might be peculiarly qualified to answer.

A state court can as easily answer these questions as we can, and there is no need to resort to a federal forum to do so. See Summy, 234

F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").  As the Third Circuit Court of Appeals has explained "[t]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum.  When state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.  Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare."  Id.  Adding our opinion to those of the state court in this case would make the matter unnecessarily more complex.

Accordingly, our interest in comity and respect for judgments of state courts compels us to use our discretion to decline to exercise jurisdiction in this case.  Because the court chooses not to exercise jurisdiction over this action, the court will not address plaintiff's motion for remand.  (Doc. 2).  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE LIEN ASSERTED BY RIDER INSURANCE COMPANY AS TO ACCIDENT OF MAY 11, 2011,<br>Plaintiff | : : : : : | No. 3:13cv2087<br><br>(Judge Munley) |
| v. | : : : | |
| **RIDER INSURANCE COMPANY,**<br>Defendant | : : | |

## ORDER

**AND NOW**, to wit, this 13th day of August 2013, the court declines to exercise jurisdiction over the plaintiff's complaint (Doc. 1, Ex. A, Compl.) pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, and the complaint is hereby **DISMISSED** *sua sponte*. The Clerk of Court is directed to close this case.

BY THE COURT:


s/ James M. Munley
**JUDGE JAMES M. MUNLEY
United States District Court**